UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. BAXTER,<br>　　　　Plaintiff,<br>　　v.<br>BETTY C. BORTIN, et al.,<br>　　　　Defendants. | Case No. 25-cv-05559-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 2 |

## INTRODUCTION

Plaintiff Richard G. Baxter alleges that Vicki Hennessy, Betty Bortin, and Sandra Schwartz embezzled public funds. Because there is no federal jurisdiction over his claims, this federal action is DISMISSED.

## DISCUSSION

Baxter alleges that Vicki Hennessy, while Sheriff of San Francisco, "allowed Betty C. Bortin, Esq.[,] and Sandra Schwartz, Esq.[,] to embezzle money from the San Francisco Sheriff's Department Inmate Welfare Fund." (Compl., Dkt. No. 1 at 3.) "This money was used to finance" Hennessy's campaign for sheriff, and Bortin "used the money to pay her taxes." (*Id.*) Baxter alleges that he was married to Bortin and "she was always asking for extensions to pay her taxes." (*Id.*) He believes that the allegedly embezzled funds "should have been used for better conditions in the San Francisco County Jails." (*Id.* at 7.) He also alleges that Bortin refinanced his mortgage without his permission, thereby causing him "to pay a 30-year mortgage twice." (*Id.* at 5.)

Federal courts have the power and the duty to raise the issue of standing sua sponte and to dismiss the action if standing is wanting. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). If a plaintiff does not have standing, a federal court has no jurisdiction over his suit. *See Center for Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009).

1  Standing is present only when (1) a plaintiff suffers a concrete, particularized injury
2  which is actual or imminent; (2) there is a causal connection between the injury and the
3  conduct complained of; and (3) the injury will likely be redressed by a favorable judicial
4  decision. *See Carney v. Adams*, 592 U.S. 53, 58 (2020).  Further, "a grievance that
5  amounts to nothing more than an abstract and generalized harm to a citizen's interest in the
6  proper application of the law does not count as an 'injury in fact.'  And it consequently
7  does not show standing." *Id.*

8  Baxter has no standing to raise an embezzlement claim against Hennessy, Bortin, or
9  Schwartz in federal court.  He has suffered no actual, concrete injury, but rather alleges an
10 abstract and generalized harm to his interest in the proper application of law.
11 Consequently, I lack jurisdiction over his embezzlement claims against Hennessy, Bortin,
12 and Schwartz.  Accordingly, these claims are DISMSSED.

13 Baxter's claim that Bortin refinanced his mortgage without his consent is not a
14 cognizable federal claim.  He cites no federal law or federal right which would confer
15 federal jurisdiction over such a claim.  Accordingly, this claim is DISMISSED without
16 prejudice to Baxter pursuing such a claim in state court.

17 Baxter's application to proceed in forma pauperis is GRANTED.  (Dkt. No. 2.)

## CONCLUSION

This federal action is DISMISSED.  The application to proceed in forma pauperis is GRANTED.  The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 22, 2025

_____
WILLIAM H. ORRICK
United States District Judge

2